UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **LESLIS DEAN** ) | **CASE NO.:** |
| ) | |
| **Plaintiff,** ) | **JUDGE:** |
| ) | |
| vs. ) | **MAGISTRATE JUDGE:** |
| ) | |
| **URS CORPORATION WELFARE** ) | |
| **BENEFITS PLAN** ) | |
| ) | |
| and ) | |
| ) | |
| **HARTFORD LIFE & ACCIDENT** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| and ) | |
| | |
| **AETNA LIFE INSURANCE** | |
| **COMPANY** | |
| | |
| **Defendants.** | |

## COMPLAINT

Now comes the Plaintiff, Leslie Dean, by and through her undersigned counsel, Robert Armand Perez, Sr. and The Perez Law Firm Co., L.P.A., and for her Complaint hereby states as follows:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA") and, in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). These provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due her under the terms of The URS Corporation Welfare Benefits Plan an employee benefit Plan that is provided to the employees of URS Corporation,

(hereinafter referred to as "the policy" or "the Plan"), named as a Defendant. The Long-Term Disability Group Benefit Plan is attached hereto and incorporated as Exhibit numbers 1-38.

2. This action may be brought before this court pursuant to 28 U.S.C. § 1331 that gives the district court jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides at 29 U.S.C. § 1133 a mechanism for administrative or internal appeal of benefit denials. Defendant, Hartford Life & Accident Insurance Company (hereinafter referred to as "Hartford") has failed to give Plaintiff the full and fair hearing to which she is entitled and Plaintiff Dean has exhausted those administrative remedies and defendant Hartford has issued a final denial.

## Nature of Action

4. This is a claim seeking an award to Plaintiff Leslie Dean disability benefits pursuant to an Employee Long-Term Disability Benefit Plan providing group disability benefits to employees of URS Corporation. This action seeking recovery of benefits is brought pursuant 29 U.S.C. § 1132(a)(1)(B). The Plaintiff also seeks to clarify and enforce the right to future benefits and order the Defendants to account for past benefits and pay future benefits. 29 U.S.C. § 1132(a)(1)(B).

## The Parties

5. Plaintiff is now disabled but was an active employee under the Plan and eligible as a qualified employee when her medical condition deteriorated and she could no longer work after April 16, 2015.

6. At all times relevant hereto, the Defendants' Plan constituted an "Employee Long-Term Disability Benefit Plan" as defined by 29 U.S.C. § 1002(1) and while employed, Plaintiff became disabled and has coverage under the Plan as an employee because she was a participant as defined by 29 U.S.C. § 1002(7).  This claim relates to benefits under the foregoing Plan.

7. ERISA requires that an Employee Benefit Plan be established and maintained pursuant to a written instrument.  29 U.S.C. § 1102(a)(1).

8. The Plan is funded by a certificate of insurance under which the Plaintiff, Leslie Dean, was a participant at the time of her disability and is attached and incorporated herein as Exhibit numbers 1-24.  This Plan document sets forth the sole criteria of benefits for Plaintiff.

9. Hartford Life & Accident Insurance Company is now the claim administrator and a functional fiduciary of this insured Plan under URS Corporation Welfare Benefits Plan but at the time of employment and her initial claim this plan was insured under a Group Insurance Policy with Aetna Life Insurance Company until Hartford Life & Accident Insurance Company made an acquisition in November 2017 and purchased the Aetna Life Insurance Company's group life and disability insurance book of business and assumed financial responsibility for plaintiff's long-term disability claim and now the Hartford is processing the claims and adjudicating appeals regarding the long-term disability benefits under the plan and is apparently, the party obliged to pay Dean her benefits and to determine eligibility benefits but Hartford in not the named fiduciary.

10. Venue is proper in the Southern District of Ohio because URS Corporation

was located in the greater Cincinnati area and Dean worked for URS Corporation and all her employment was within the Southern District of Ohio. All of the relevant events contained herein occurred in the Southern District of Ohio.

## Statement of Facts

11. Plaintiff was a full-time URS Corporation and was actively engaged in employment as an Administrative Assistant until on or about April 16, 2015 when she ceased working because of multiple medical problems. Due to her cervical and lumbar pain and degenerative disc disease, left knee and right shoulder impingements, Plaintiff has not engaged in any substantial, gainful activity since that time.

11. Plaintiff Dean worked for URS Corporation as a Senior Administrative Assistant from April 1, 2005 until she could no longer work and became disabled and had to stop work as a Senior Administrative Assistant. Dean became disabled from, multiple medical limitations including among other things, uncontrolled diabetes mellitus Type1, diabetic retinopathy, migraines, cervical disc disease, chronic neck and back pain, vertigo, bipolar disorder and borderline personality disorder.

12. Plaintiff Dean, in the six years since she became disabled has had her medical limitations increase and now her multiple comorbidities include: Carpel Tunnel Syndrome, Degenerative Disc Disease, Uncontrolled Type 1 Diabetes, Diabetic Retinopathy, Diffuse Joint Pain, DM/C4-C7 Anterior Cervical Surgery, Dupuytren's Contracture, Dysesthesia, Headaches, Multiple Cervical Radiculopathies, Neck/Shoulder Pain, Diabetic Polyneuropathy, Myofascial pain, Spinal Stenosis of Cervical Region, Paresthesia in Hands, Arthritis/Osteoarthritis, Osteoarthritis of Cervical Spine, Post-Surgical Changes, Chronic Low Back Pain/Spasm, Cervical Radiculopathy, Chronic Pain,

Paresthesia, Thoracic Strain/Sprain, Tenderness/Stiffness, Wrist Neuropathy, Chronic Extremity Pain, Weakness, Chronic Fatigue, Chronic Muscle Weakness, Non-Restorative Sleep.

13. Plaintiff Dean applied for and was initially denied payment of Short-term disability benefits ("STD") benefits and then her Long -term disability benefits ("LTD").

14. Plaintiff retained counsel and appealed this denial. The Defendant Aetna overturned its original denial on and processed back payment of benefits to the Plaintiff Dean. After receiving back benefits, Aetna continued to pay Dean and then Hartford after buying the book of business, Hartford in its attempt to increase profitability on its acquisition required that Dean submit to a "independent medical examination" on June 10, 2020 by Dr. Ronald S. Klein noted many medical comorbidities and enumerated many objective diagnostic studies or support the medical limitations noting that the studies indicated that Dean had abnormalities. Dr. Klein noted that his examination did not include any evaluation of Dean's pain. He omitted taking any pain inventories even though Dean's pain from her comorbidities is well documented throughout Dean's medical history. In contrast to his clinical findings, Klien concluded that Dean could perform a sedentary occupation which is not consistent with his examination or his record review. This resulted in a termination of Dean's claim on July 9, 2020.

15. Defendant Hartford failed to give notice as required under 29 C.F.R. § 2560.503-1(g)(i-iv). These regulations mandate that these elements be contained in the denial letter of July 9, 2020 and The Hartford specifically failed to give the precise reason(s) for the denial of benefits, a description of the additional materials necessary to have the claim paid, an explanation of why such material or information was necessary,

and the appropriate information regarding the steps to be taken if Ms. Dean wished to submit her claim for review, including the process for that review, in its letter dated July 9, 2020.

16. Defendant Hartford's failure to comply with these requirements precluded Plaintiff Dean from having a full and fair review of her claim and further demonstrates the bias and prejudice of the defendant Hartford in its handling of Dean's claim.

17. The policy/Plan definition of disability/disabled states:

"Test of Disability
From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that: .
. ... After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition. . .."
The plan also states:
"Reasonable Occupation- This is any gainful activity: For which you are, or may reasonably become, fitted by education, training, or experience; and Which results in, or can be expected to result in, an income of more than 80% of your adjusted pre-disability earnings."

18. Without a hearing, the Social Security Administration made a decision that Dean was disabled from April 16, 2015 and awarded her benefits. The award letter is attached and incorporated as Exhibits 25-30

19. Plaintiff Dean's counsel, Robert Perez, Sr. and The Perez Law Firm Co., L.P.A., who forwarded a letter to Defendant Hartford requesting multiple documents and items of information dated April 30, 2019.

20. This letter of April 30, 2020, was sent by counsel for Dean requested that Hartford provide the relevant documents used in making the benefit determination and notifying Hartford that Plaintiff Dean intended to appeal her denial and requested that

clarification be given including the requirements under 29 C.F.R. § 2560.503-1(g)(i-iv).

21. On July 24, 2020, counsel for Dean sent a second appeal to Hartford. The cover letter and table contents without the enclosures is attached and incorporated as if set forth herein, as Exhibit numbers 31-34.

22. The defendant Hartford made a final denial decision on Dean's appeal on in a letter dated May 11, 2001 and Dean has exhausted her administrative remedies under 29 U.S.C. § 1133. That letter is attached as Exhibit numbers 35-54.

## CAUSE OF ACTION I
## CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

23. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 22 of the Complaint.

24. Defendant Plan and The Hartford failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1109, and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Hartford as the Plan benefits administrator has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

25. Defendant Hartford has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest as Hartford tried to increase profitability of its acquisition negatively influenced the decision to deny benefits. The conflict of interest caused Hartford to disregard Dean's relevant evidence with no

explanation and the denial of benefits was without using a rational reasoned process based on substantial reliable evidence.

26. Only the Defendant Aetna Life Insurance Company was named as fiduciary by URS Corporation and given authority to make claims determinations under the language of the Plan/Policy, therefore, Hartford is not the entity named with discretionary authority and Hartford's determination as a functional fiduciary is not entitled to deference and the review of any benefits determination must be made *de novo*.

27. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the U.S. Constitution and deprive Plaintiff of her constitutional rights, include under Article III and the statutory provisions of 29 C.F.R. § 1132 and Plaintiff's due process rights established under ERISA.

28. Plaintiff has established her disability pursuant to the terms of the Plan and should be awarded benefits under the *de novo* standard of review.

29. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Hartford's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards of claims evaluation and determination employed by Hartford in it biased and careless evaluation of Dean's evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Hartford and an examination of the record will reveal that Hartford's decision to deny Dean benefits is not the result of a reasoned process based on reliable evidence and that it is, therefore, arbitrary and capricious.

30. Hartford and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff that supports her disability claim; 2) Defendants relied upon an examination that mischaracterized Plaintiff's medical severity ignored Dean's persistent and chronic pain; 3) Defendants have improperly relied upon conclusions that failed to address the claimant's actual limitations, that include pain, weakness, fatigue, and an inability to persist; 4) Defendants have engaged in a selective review of evidence presented by the claimant; 5) the Plan requires that to terminate benefits there be a reasonable job and related salary for which Dean qualified and the vocational review that Hartford performed was inadequate and inaccurate. Defendant Hartford also violated the claims regulation at 29 C.F.R. § 2560.503-1 *et seq*. Under the terms of this Plan, the termination of Plaintiff's benefits was clearly unreasonable and without a basis established in substantial reliable evidence.

31. The Hartford failed to provide a full and fair review under 29 C.F.R. § 2560.503-1 and 29 U.S.C. § 1133 thereby depriving Plaintiff of her due process. The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient or why the evidence of Social Security favorable decision that she is disabled is not determinative and Hartford failed to review or even read the entire Social Security file that was provided to the Hartford and simply disregarded it.

32. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1)(b).

## COUNT II

33. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 32 of the Complaint.

34. ERISA mandates that an Employee Benefit Plan shall be established and maintained pursuant to a written instrument. 29 U.S.C. § 1102(a)(1).

35. The Defendant Hartford claims that under the terms of the Policy/Plan that Dean owes money as a result of her Social Security award. The defendant Hartford claims that there is a set off under the terms of the Policy/Plan.

36. The plaintiff Dean has dissipated all the benefits that she has received under the terms of the Plan/policy in her day-to-day living expenses and the defendant Hartford will not be able to trace these benefits to recoup them. Furthermore, during the time that these benefits were paid, the defendant Aetna had made payments and it would be inequitable for the Hartford to attempt to recoup these and therefore, Dean requests that the Court review the Plan and/or policy and declare the rights of Dean, including any rights Defendants Aetna Life Insurance Company, Hartford Life & Accident Insurance Company and/or the URS Corporation Welfare Benefits may claim to set-off of the proceeds of the Social Security payments received by Dean that might be fair and equitable.

37. The Plaintiff is entitled to short-term and long-term disability benefits and they are due and owing to the Plaintiff in an amount not yet ascertainable.   The Plaintiff seeks repayment of these benefits under 29 U.S.C. § 1132(a)(1)(B) and seeks the court's determination of the amount and quantity of these benefits and further seeks to clarify her rights to future benefits and order payment of benefits until a future order from this

court to discontinue payment, pursuant to 29 U.S.C. § 1132(a)(1)(B).

**WHEREFORE**, Plaintiff Leslie Dean, prays for the following relief:

A. That the Court determine that the Hartford has violated the applicable welfare benefit claim regulations and its denial of benefits was not made in accord with the required regulations for claims review and determination that is provided under 29 U.S.C. § 1133 and the related regulations 29 C.F.R. § 2560.503-1;

B. That the Court enter judgment in Plaintiff Dean's favor and against Defendants Hartford and the Plan and that the Court order the Defendants to account and pay disability income benefits including the short-term disability payments to Plaintiff Dean in an amount equal to the contractual amount of benefits to which she is entitled and the court adjudicate any claims of offset to which the Hartford makes and determine whether Aetna Life Insurance Company or the URS Plan is entitled to any amount of these offsets;

C. That the Court enter judgment in Plaintiff's favor and against Defendants Hartford, Aetna and the Plan and that the Court order the Defendants to reinstate Plaintiff Dean's disability benefits and the court retain jurisdiction and order the payments continue until such time as they terminate under the terms of the Plan/Policy or until further adjudication of this by this court.

D. That the Court order Defendants and the Plan to pay pre and post judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

E. The Court award the Plaintiff and her attorney fees pursuant to 29 C.F.R. §

1132(g); and,

F.	The Plaintiff recover all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 28th day of May, 2021 at Cincinnati, Ohio.

              Respectfully submitted,

    By:   *s/ Robert Armand Perez, Sr.*
           Robert Armand Perez, Sr., Esq. (OH 0009713)
           THE PEREZ LAW FIRM CO., L.P.A.
           6921 Fox Hill Lane
           Cincinnati, OH   45236-4905
           Telephone:   (513) 891-8777
           Facsimile:   (513) 891-0317
           E-mail: rperez@cinci.rr.com
           **ATTORNEY FOR PLAINTIFF,**
           **LESLIE DEAN**